IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
02/17/2015

|  |  |
|---|---|
| IN RE ) | |
| ) | |
| MARTIN EREVIA, ) | CASE NO. 15-80008-G3-13 |
| ) | |
| Debtor, ) | |
| ) | |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion to Extend the Automatic Stay as to All Creditors" (Docket No. 6) filed by the Debtor in the above captioned Chapter 13 case. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Martin Erevia ("Debtor") filed the voluntary petition in the instant Chapter 13 case on January 5, 2015.

Prior to the instant case, Debtor was the debtor in Case No. 07-80464-G3-13 (the "2007 case"), which was filed on September 4, 2007, and dismissed, by order entered on January 2, 2008, on the motion of the Chapter 13 Trustee. (Docket No. 43, Case No. 07-80464-G3-13). As grounds for dismissal of the 2007

case, the Chapter 13 Trustee asserted Debtor's failure to make Chapter 13 plan payments, implement a wage deduction or automated clearinghouse payment, file tax returns for tax years 2003 through 2006, appear for an examination by the Trustee's accountant, and provide proof of his social security number. (Docket No. 26, Case No. 07-80464-G3-13).

Debtor was also the debtor in Case No. 08-80101-G3-13 (the "2008 case"), which was filed on March 3, 2008, and dismissed with prejudice to refiling for 180 days, by order entered on May 15, 2008, on the motion of the Chapter 13 Trustee. (Docket No. 61, Case No. 08-80101-G3-13).  As grounds for dismissal of the 2008 case, the Chapter 13 Trustee asserted Debtor's failure to make Chapter 13 plan payments, provide for all secured and priority claims in the proposed Chapter 13 plan, appear for the meeting of creditors, file a tax return for 2007, and filing of erroneous schedules and statement of financial affairs.  (Docket No. 56, Case No. 08-80101-G3-13).

Debtor was also the debtor in Case No. 14-34383-H3-13 (the "2014 case"), which was filed on August 5, 2014, and dismissed on the motion of the Chapter 13 Trustee, by order entered on October 30, 2014.  (Docket No. 37, Case No. 14-34383-H3-13).  As grounds for dismissal of the 2014 case, the Chapter 13 Trustee asserted Debtor's failure to make Chapter 13 plan payments, implement a wage deduction or automated clearinghouse

payment, file tax returns for tax years 2008 through 2013, provide for all secured and priority claims in the proposed Chapter 13 plan, and appear for an examination by the Trustee's accountant.  (Docket No. 28, Case No. 14-34383-H3-13).

In the instant motion, Debtor seeks extension of the automatic stay as to all creditors.  At the hearing on the instant motion, Debtor testified that he filed the instant case to save his home from foreclosure.  The instant motion is opposed by Arnold J. Seidule and Janice Seidule (the "Seidules").

Debtor testified that he was represented by counsel in each of the three previous cases.  Debtor is represented by counsel in the instant case.

Debtor's Chapter 13 plan in the instant case calls for Debtor to make payments to the Chapter 13 Trustee of $2,800 per month for two months, followed by $3,800 per month for 58 months, for a total of $226,000.  The plan calls for distributions, net of the Trustee's fee, of $3,487.04 to the Internal Revenue Service ("IRS") and $3,143.00 to Debtor's counsel on priority claims; $92,328.00 in regular monthly mortgage payments and $40,000 to cure arrearages to the Seidules, plus $8,824.57 to the Brazoria County Tax Office, $739.90 to the Texas Comptroller of Public Accounts, $50,499.96 to IRS, and $10,103.45 to Resolution Finance, LLC on claims secured by Debtor's home; and $3,314.08 to pay what Debtor estimates will be nine percent of unsecured

3

claims.  (Docket No. 16).[1]

Debtor's Schedules I and J in the instant case were filed on January 23, 2015, six days before the date of the hearing on the instant motion.  Debtor's Schedule I reflects that Debtor is employed as a construction worker with Stout Construction Services,[2] with monthly net income of $6,580 per month.  An attached statement reflects that Stout Construction Services has gross income of $8,500 per month, and business expenses of $1,920 per month.  Debtor's Schedule J reflects that Debtor has household expenses (not including a home payment) of $2,779.00 per month.  (Docket No. 13).

Debtor testified that his income for 2012 was approximately $100,000.  He testified that his income for 2013 was approximately $89,000.

Debtor testified that his living arrangements are substantially the same as the were when the 2014 case was filed.  He testified that his son lives with him, and is helping with the family expenses.

Debtor's schedules do not indicate a financial contribution to the family budget on the part of Debtor's son.  (Docket No. 13).

---

[1]The court makes no finding as to the amount, validity, or priority of, or security for, of any of these purported claims.

[2]Debtor testified that he operates Stout Construction Services as an assumed name.

4

Debtor's Statement of Financial Affairs ("SOFA") in the instant case states that Debtor estimates business income of $59,910 during 2014. Debtor stated, with respect to 2012 and 2013: "Information will be updated as soon as possible." (Docket No. 14).

Debtor testified that, when the SOFA was prepared, he had not filed tax returns for 2012, 2013, and 2014. He testified that he has now filed those tax returns.

Debtor testified that his 2012 tax return shows adjusted gross income, after deducting business expenses, of $10,923. He testified that his 2013 tax return shows adjusted gross income of $38,842. He testified that his 2014 tax return shows adjusted gross income of $45,548.[3]

Debtor testified that his business has improved since the 2014 case was filed. He testified that the business had gross revenue of approximately $20,000 during January, 2015.

Debtor testified that he does not recall whether he had substantial excuses for his failure to implement a wage order, amend the schedules, make payments, or amend the schedules in the 2014 case.

---

[3] It appears that the amounts for income identified on Debtor's tax returns reflect Debtor's net income from operation of the business, while the larger amounts for income to which he testified reflect the gross receipts of the business.

Debtor testified that he was not prepared, at the hearing on the instant motion, to address the facts regarding his previous cases, including the 2014 case, which was dismissed 65 days before the date of the petition in the instant case.

Debtor testified that he is aware that several persons or entities have obtained judgments against him. He testified that he did not include those persons or entities in the list of creditors in the instant case.

Debtor testified that he has not made any payments to the Seidules since at least May, 2014. He testified that he paid some debts after dismissal of the 2014 case, but before the filing of the petition in the instant case. He testified that he does not recall which debts he paid.

Debtor testified that, when he prepared the schedules in the instant case, he had his wife assisting him by telephone. He testified that his wife kept up with payments to the Seidules, handled his accounts receivable, and made payments to creditors in the 90 days prior to the filing of the petition in the instant case. Debtor did not call his wife as a witness with respect to the instant motion.

Debtor's SOFA does not indicate any payments made to creditors during the 90 days prior to the filing of the petition in the instant case.

Debtor testified that he is willing to amend the schedules, SOFA, and list of creditors to reflect any omitted creditors.

## Conclusions of Law

Section 362(c)(3)(A) of the Bankruptcy Code provides that, if an individual debtor files, <u>inter alia</u>, a Chapter 13 case, within one year after the Debtor's previous case was pending, the automatic stay terminates on the 30th day after the date of filing of the petition.  11 U.S.C. § 362(c)(3)(A).  The court may extend the automatic stay, if the filing is in good faith as to the creditors to be stayed. 11 U.S.C. § 362(c)(3)(B).

Section 362(c)(3)(C) provides in pertinent part:

> (C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary) -
>
>    (i) as to all creditors, if -
>
>           * * *
>
>       (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to -
>
>          (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

>> \* \* \*
>
>> (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded -
>
>>> (aa) if a case under chapter 7, with a discharge; or
>>>
>>> (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed.

11 U.S.C. § 362(c)(3)(C).

On the question of whether the presumption applies that the case was not filed in good faith, the opponent of the extension (the Seidules, in the instant case) bears the burden of proof as to whether the case was dismissed after Debtor failed to file or amend the petition or other documents as required by Title 11 or the court without substantial excuse.  The Debtor bears the burden of proof to show a change of circumstances under Section 362(c)(3)(C)(i)(III) by a preponderance of the evidence. In re Charles, 334 B.R. 207 (Bankr. S.D. Tex. 2005).

Debtor's 2014 case was dismissed because, inter alia, Debtor failed to provide for all secured and priority claims in the plan.  Debtor's testimony at the hearing on the instant motion reflects that he does not know whether he had any sort of substantial excuse for failing to do so.

8

Debtor's testimony does not reflect a substantial change in his financial or personal affairs. He testified that he made some payments to creditors, but he cannot recall which creditors were paid, or how much. He testified that his son is assisting with the family budget, but that assistance does not appear in the schedules. He testified that his business is improving, but that improvement is based on one month's receipts, and Debtor's testimony is not clear as to what portion of the receipts would constitute disposable income available to fund a Chapter 13 plan. The court concludes that a presumption applies that the instant case was not filed in good faith.

Under Section 362(c)(3)(C) of the Bankruptcy Code, the presumption that the case was not filed in good faith may be rebutted by clear and convincing evidence to the contrary.

Debtor's testimony reflects historical annual family income of a maximum of $45,548 during the three years prior to the filing of the instant case. Dividing that amount by 12 months yields a monthly amount of $3,795.67. However, in the instant case, Debtor is proposing to make plan payments, after the first two months, of $3,800 per month, in addition to paying household expenses of $2,779 per month. Debtor's potential for successful completion of a Chapter 13 plan depends on large increases in Debtor's income. Debtor's testimony reflects that he has had one good month. However, Debtor has a history, in

three previous cases over the last eight years, all of which were dismissed, <u>inter</u> <u>alia</u>, for Debtor's failure to make Chapter 13 plan payments.  Moreover, Debtor has a history of inaccurate and incomplete schedules, and Debtor's testimony indicates that, as in the previous cases, Debtor's schedules and SOFA are inaccurate and incomplete.  The court concludes that Debtor has failed to rebut the presumption by clear and convincing evidence that the instant case was not filed in good faith.[4]

Based on the foregoing, a separate Judgment will be entered denying the "Motion to Extend the Automatic Stay as to All Creditors" (Docket No. 6).

Signed at Houston, Texas on February 17, 2015.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[4]The court notes that, were the preponderance of the evidence standard applicable to the instant motion, Debtor has failed to prove by a preponderance of the evidence that the instant case was filed in good faith.